IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON HOLMES, : No. 3:15cv72
    Petitioner :
: (Judge Munley)
v. : (Chief Magistrate Judge Carlson)
:
DAVID EBBERT, :
    Respondent :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Chief Magistrate Judge Carlson's Report and Recommendation (hereinafter "R&R") (Doc. 4) proposing the dismissal of Petitioner Brandon Holmes's petition for writ of habeas corpus under 28 U.S.C. § 2241 (hereinafter "§ 2241"), or, in the alternative, transfer of venue to the Southern District of Florida.

### Background

Petitioner Holmes, a federal prisoner, is currently incarcerated at the United States Penitentiary in Lewisburg serving a sentence for bank robbery imposed upon him in the United States District Court for the Southern District of Florida in 2009. (Doc. 1).[1] Petitioner concedes that he

---

[1] Defendant filed the instant action on his own behalf, *pro se*. A prisoner's *pro se* pleading is construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011). We have kept this precept in mind as we have reviewed petitioner's motion and briefs.

never appealed his conviction and has twice unsuccessfully challenged this conviction through motions filed under 28 U.S.C. § 2255 (hereinafter "§ 2255"). (Id.) Petitioner filed the instant petition on January 12, 2015, alleging his conviction was invalid for lack of proper jurisdiction. (R&R at 2). The Chief Magistrate Judge granted petitioner's motion for leave to proceed in forma pauperis on January 14, 2015, and recommended that the petition be dismissed without prejudice or transferred to the Southern District of Florida. (Id. at 2-3). Petitioner timely filed objections on January 22, 2015. The matter has been fully briefed and is ripe for determination.

**Jurisdiction**

We have jurisdiction pursuant to 28 U.S.C. § 2241, which provides that "[w]rits of habeas corpus may be granted by the ... district courts ...." See also 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a de novo determination of those portions of the R&R against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also

Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

The instant § 2241 petition challenges petitioner's conviction. The presumptive means for federal prisoners to challenge their convictions or sentences is a § 2255 motion, not a § 2241 petition. A § 2255 motion may challenge a conviction or sentence as a violation of the Constitution or laws of the United States or it may otherwise collaterally attack the conviction or sentence. Section 2255 "channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement so that they can be addressed more efficiently." Fraser v. Zenk, 90 F. App'x 428, 430 n.3 (3d Cir. 2004) (citing United States v. Hayman, 342 U.S. 205, 210-19 (1952)).

As the Chief Magistrate Judge correctly concluded, a defendant is permitted to pursue relief under § 2241 only where he shows that the

remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard).

Petitioner's objections argue, in summary fashion, that a § 2241 petition is the proper means by which to pursue the relief he seeks because a § 2255 motion "is inadequate" due to that section's limitations on successive motions. (Doc. 5 at 3). Petitioner has already filed multiple § 2255 motions, and petitioner argues that he cannot meet the statutory requirements for another such motion. (Id.)

Petitioner's objection lacks merit. For a § 2241 petition to be appropriate the inadequacy or ineffectiveness of a § 2255 motion must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not

inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Petitioner improperly seeks to invoke § 2241 before this court. Petitioner asserts his conviction was invalid for lack of jurisdiction, which is a claim of "innocence based on a legal, procedural defect." White v. Zickefoose, CIV 10-0548 (RMB), 2010 WL 1050171 (D.N.J. Mar. 19, 2010). However, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998), citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992). Here, petitioner does not assert factual innocence, but rather argues that the government failed to show that his conduct substantially affected interstate commerce, which petitioner believes to be a jurisdictional element of bank robbery under 18 U.S.C. § 2113(a). (Doc. 1).

Moreover, courts that have considered similar claims by other federal

5

inmates have consistently concluded that a post-conviction challenge to the jurisdictional element of a bank robbery charge can be made in a motion brought under § 2255, but requires some actual showing that the victim bank was not FDIC insured on the date of the robbery. See United States v. Ratigan, 351 F.3d 957, 965 (9th Cir. 2003). Thus, § 2255 plainly provides an adequate remedy at law for petitioner. Accordingly, the petition will be dismissed.[2]

**Conclusion**

For the reasons stated above, the petition (Doc. 1) will be dismissed, with prejudice. An appropriate order follows.

DATE: 2/12/15

JUDGE JAMES M. MUNLEY
United States District Court

---

[2] Petitioner can, if he chooses, file a claim under § 2255 in the Southern District of Florida, the court in which he was sentenced. We caution petitioner, however, that the assertions set forth in the current petition are wrong as a matter of law (as explained in the R&R), and any § 2255 claim will prove futile if the deficiencies are not corrected.